UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARLA DORSEY,

      Plaintiff,

v.                                  CASE NO.:8:06-CV-888-T-23MAP

GLEN BEURMAN and MILLER SYSTEMS,
INC.,

      Defendants.

## **ORDER**

THIS CAUSE is before the Court on Plaintiff's amended motion for entry of final default judgment (doc. 14).[1] Because Defendants failed to respond to Plaintiff's complaint, the Clerk of Court entered a default on August 10, 2006. *See* docs. 9 and 10. Now, pursuant to Fed. R. Civ. P. 55(b), Plaintiff seeks entry of default judgment and a determination of damages. Plaintiff correctly notes that when the complaint sets forth sufficient facts to establish liability, the Court must conduct an evidentiary hearing to ascertain the amount of damages. *See Pope v. United States*, 323 U.S. 1, 12 (1944) (stating that upon default, the court customarily takes evidence or considers facts from the record in order to "fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly"); *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (recognizing that Rule 55(b)(2) "provides that following entry of a default judgment, a district court may conduct an evidentiary hearing 'to determine the amount of damages or

---

[1] United States Judge Steven D. Merryday has referred this matter to me pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b).

to establish the truth of any averment by evidence"); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (holding that default judgment may not be entered without a hearing unless amount claimed is liquidated sum or one capable of mathematical calculation).[2]

Because I find that the Plaintiff's complaint (doc. 1) sets forth causes of action against Defendants for violating the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act, an evidentiary hearing on the matter is scheduled for January 5, 2007, at 10:00 a.m. in Courtroom 11B, Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida.  Accordingly, it is hereby

ORDERED:

1. Plaintiff's Amended Motion for Entry of Default Judgment (doc. 14) is deferred until after the hearing.

2. A hearing on this matter is scheduled for January 5, 2007, at 10:00 a.m. in Courtroom 11B, Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida.

3. The parties shall govern themselves accordingly.

IT IS SO ORDERED in chambers at Tampa, Florida on this 8th day of December, 2006.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.